IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLETTE YARONSKI, | |
| Plaintiff, | Case No. _____ |
| v. | |
| THE MEADOWS AT EAST MOUNTAIN-BARRE FOR NURSING AND REHABILITATION, LLC d/b/a THE GARDENS AT EAST MOUNTAIN, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, Colette Yaronski, by and through her attorney, Benjamin C. Ferris, Esq., of Ruppert Manes Narahari LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12203(a) *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.* Plaintiff alleges that she was subjected to a failure to accommodate in violation of the ADA. Plaintiff further alleges that she was retaliated against from seeking reasonable accommodation under the ADA.

### II. Jurisdiction and Venue

2. This action arises under the ADA. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.     Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Central Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5.     Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding her allegations under the ADA on January 23, 2020, under charge number 533-2020-00837. *See Exhibit 1*.

6.     Plaintiff was mailed Notice of Right to Sue from the ("EEOC") on July 29, 2020. This Complaint has been filed within ninety (90) days of the Plaintiffs receipt, thus making this action timely. *See Exhibit 2*.

### III. Parties

7.     Plaintiff, Colette Yaronski ("Plaintiff"), is an adult individual with a primary residence located at 2317 Pittston Boulevard, Bear Creek Township, PA 18702.

8.     Defendant, The Meadows at East Mountain-Barre For Nursing and Rehabilitation, LLC d/b/a The Gardens at East Mountain. ("Defendant") is a Limited Liability Company with a regular place of business located at 101 East Mountain Boulevard, Wilkes Barre, PA 18702.

### IV. Facts

9.     Ms. Yaronski was initially hired by Defendant as a Licensed Practical Nurse in March of 2018.

10.    In September of 2018, Ms. Yaronski was diagnosed with breast cancer.

11.    Ms. Yaronski's life became consumed with battling this illness, yet she still made very effort to be present and active at work.

12. In October of 2018, Ms. Yaronski underwent surgery to have any cancerous tumors present removed. This was followed by months of chemotherapy and subsequent radiation therapy.

13. In April of 2019, Ms. Yaronski was ordered to begin endocrine therapy for the next five years. This was slated to be an incredibly taxing time for Ms. Yaronski, however she remained dedicated to continuing her work and looked forward to remaining productive.

14. Ms. Yaronski applied for qualified intermittent basis leave under the Family Medical Leave Act as a reasonable accommodation to her ongoing condition.

15. Ms. Yaronski was found eligible for such leave.

16. On December 10, 2019, Ms. Yaronski reported to work for her standard shift, despite experiencing nausea and severe aching, a listed side effect on her FMLA paperwork of her therapy.

17. Ms. Yaronski received word during her shift that her presence was requested in a meeting with one of her superiors, Mr. Gary Malia. During this meeting, her nausea became worse, and she alerted Mr. Malia that she needed to excuse herself to from the meeting momentarily.

18. Mr. Malia adamantly refused, and insisted Ms. Yaronski remain in the meeting.

19. Following his refusal and due to her worsening nausea and severe aching, Ms. Yaronski experienced an incident of diarrhea, soiling her clothing.

20. Unable to control her pain, nausea, and other functions, Ms. Yaronski informed Mr. Malia of her side effects, and that she was in need of invoking her FMLA, of which she had sufficient days remaining.

21. Instead of permitting her to utilize the leave to which she was approved and had legal right to, Mr. Malia insisted that Mr. Yaronski was simply attempting to avoid the meeting,

and terminated her employment for abusing and wrongly invoking her FMLA leave, the reasonable accommodation to her disability.

## COUNT I
### Discrimination in Violation of the ADA and the PHRA

1. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

2. The inquiry into whether a person is disabled under the ADA is made on a case-by-case analysis. *Tice v. Centre Area Transport Authority*, 247 F.3d 506 (3rd Cir. 2001). To establish a prima facie case of discrimination under the ADA, Ms. Yaronski must show: (1) she is a disabled person within the meaning of the ADA; (2) she is qualified to perform the essential functions of her job; and (3) she suffered an adverse employment decision as a result of discrimination. See *McGlone v. Philadelphia Gas Works*, 17-1399, 2018 WL 2193658, at *2 (3d Cir. May 14, 2018) (citing *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998)).

3. The PHRA is modeled similarly to the ADA and shares similar burdens. The analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to dispose of both ADA and PHRA claims on the same grounds. *Bialko v. Quaker Oats Co.*, 434 F. App'x. 139, 142 n.5 (3rd Cir. 2011) (citing *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002) (noting that the PHRA, in all "relevant respects," was "basically the same as the ADA" and was interpreted "in accord" with the ADA and related case law, thus meaning that "disposition of [plaintiff's] ADA claim applie[d] with equal force to his PHRA claim.").

4. Instantly, it is clear that Ms. Yaronski is a person who qualifies as a disabled individual under the ADA. Ms. Yaronski has diagnosed chronic conditions, outlined above, which

cause her severe problems and necessitate continuing treatment and maintenance to keep herself safe and healthy.

5.     Further, as an employer with 15 or greater employees, Defendant is a qualified employer under the ADA.

6.     Ms. Yaronski is a highly qualified individual who has been a competent and successful Licensed Practical Nurse. There is no evidence that she was unqualified to perform the functions of her job.

7.     Ms. Yaronski sought accommodation for her illnesses, which was initially granted in the form of qualified intermittent FMLA leave. However the defendant refused to permit her to use this accommodation, and terminated her to for attempting to utilize her FMLA leave, as evidenced by the accusation that Ms. Yarosnki was attempting to 'abuse the system' and try to get out of a meeting.

WHEREFORE, Plaintiff hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees.

## COUNT II
### Failure to Accommodate in Violation of the ADA and the PHRA

8.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

9.     To prevail on a claim of failure to accommodate, Ms. Yaronski must establish that "(1) the employer knew about the her disability; (2) she requested accommodations or assistance for her disability; (3) the employer did not make a good faith effort to assist her in seeking accommodations; and (4) she could have been reasonably accommodated but for the employer's

lack of good faith." *Tourtellotte v. Eli Lily & Co.*, 636 F.App'x 831, 849 (3d Cir. 2016) (*internal citations omitted*).

10. Ms. Yaronski was known to Defendant as having a disability. This is incontrovertible by way of the fact that Ms. Yaronski was initially granted her accommodation.

11. Again, by way of the fact that Ms. Yaronski was accused of trying to wrongly invoke her acomodation, Ms. Miller's attempts to seek accommodation cannot be denied.

12. No good faith effort by the Defendant existed. While they initially granted Ms. Yaronski's accommodation, Defendant terminated Ms. Yaronski after an attempt to invoke her accommodation under the guise that she was abusing her need. All of this despite the fact that clearly Ms. Yaronski was in need.

13. It would have been easy for Defendant to actually follow through on these promises of accommodation, however. To accommodate Ms. Miller's condition simply would have necessitated re-scheduling the meeting.

WHEREFORE, Plaintiff hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees.

## COUNT III
**Retaliation in Violation of the ADA and the PHRA**

14. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

15. The ADA prohibits employers from retaliating against employees. 42 U.S.C. § 12203(a). To establish a claim for retaliation, Ms. Miller must prove: (1) a protected employee activity; (2) an adverse action by the employer either after or contemporaneous with the

employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 759 (3d Cir. 2004); *Lackey v. Heart of Lancaster Regl. Med. Ctr.*, 704 Fed. Appx. 41, 49–50 (3d Cir. 2017).

16. Ms. Miller sought to have her disabilities accommodated by her employer, Defendant. Such action is not only protected, but gets to the core of the purpose of the ADA, which is to help those who need it.

17. Following her requests to receive reasonable accommodation, Defendant took aggressive action where Ms. Yaronski was accused of relying on her accommodation to get out a meeting, refusing to grant her accommodation and rescheduling the meeting, and immediately terminating her for attempting to invoke her accommodation.

18. When viewed in its entirety, the actions by Defendant can only be viewed as retaliatory against Ms. Miller for her invocation of her rights to reasonable accommodation under the ADA and the PHRA.

WHEREFORE, Plaintiff hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees.

## COUNT IV
## FMLA Interference

19. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

20. In order for a plaintiff to establish a claim for an interference of FMLA rights, "the employee only needs to show that he [or she] was entitled to benefits under the FMLA and that he

[or she] was denied them." *Mascioli v. Arby's Restaurant Group, Inc.*, 610 F. Supp. 2d 419, 429 (W.D. Pa. 2009). Liability is not dependent upon discriminatory intent, but rather is based upon the act of interference itself. *Id.*

21. As outlined above, Ms. Miller had invoked her right to FMLA on a number of instances, including during the incident for which she was terminated.

22. The Plaintiff had sufficient FMLA days remaining, and instead of granting, or even having a discussion regarding her need for an intermittent FMLA day, Ms. Yaronski was accused of faking her need and was terminated.

WHEREFORE Plaintiff respects that this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests that this Court award back pay, front pay, any other compensatory damages and liquidated damages as calculated by the Court, reasonable attorney's fees and any other relief as this Court sees fit.

## COUNT V
**FMLA Retaliation**

23. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

24. In order to prevail on a claim of retaliation under the FMLA, one must prove that: (1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights. Lichtenstein v. U. of Pittsburgh Med. Ctr., 691 F.3d 294, 302 (3d Cir. 2012).

25. The two main factors relevant with respect to establishing a causal link to satisfy the prima facie case of retaliation under the FMLA are: (1) timing and/or (2) evidence of ongoing antagonism. Sabbrese v. Lower's home Center's Inc., 320 F. Supp. 2d 311 (W.D. Pa. 2004).

26.    Here, it is readily apparent that the Defendant received the Plaintiff's request for FMLA qualified leave, and promptly ignored her request, and in fact accused her of lying to get out of a meeting.

27.    Ms. Yaronski was promptly terminated after her request for FMLA, with the Defendant's reasoning for the termination being an accusation of Ms. Yaronski lying about her need to invoke her FMLA leave.

WHEREFORE Plaintiff respects that this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests that this Court award back pay, front pay, any other compensatory damages and liquidated damages as calculated by the Court, reasonable attorney's fees and any other relief as this Court sees fit.

Respectfully Submitted,

/s/ Benjamin C. Ferris
Benjamin C. Ferris, Esq.
PA ID: 327708
**Ruppert Manes Narahari LLC**
600 Grant St., Suite 4875
Pittsburgh, PA 15219
(412) 626-5566 Direct
(412) 650-4845 Fax
bf@rmn-law.com

**VERIFICATION**

I, Shawnie Miller, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

*CY*
_____
Colette Yaronski

## **CERTIFICATE OF SERVICE**

I, the undersigned, swear that a true and correct copy of the following Complaint has been served upon the following person by First Class Mail as well by electronic case management software on this _____ day of _____, 2020:

Patrick W. Dennison, Esq.
Fisher & Phillips, LLP
Six PPG Place
Suite 830
Pittsburgh, PA 15222
(412) 822-6627

/s/ Benjamin C. Ferris
Benjamin C. Ferris, Esq.
PA ID: 327708
**Ruppert Manes Narahari LLC**
600 Grant St., Suite 4875
Pittsburgh, PA 15219
(412) 626-5566 Direct
(412) 650-4845 Fax
 bf@rmn-law.com